## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. TEDDY L. HOUSE, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )   CIV-14-198-F<br>) |
| 1. CLEAN, THE UNIFORM CO. OKLAHOMA CITY, INC., | )<br>)<br>) |
| Defendant. | )   Jury Trial Demanded<br>)   Attorney Lien Claimed |

### COMPLAINT

**COMES NOW THE PLAINTIFF** and for her cause of action herein alleges:

### PARTIES

1. The Plaintiff is Teddy L. House, an African American female, who resides in Oklahoma County, Oklahoma.

2. The Defendant is Clean, The Uniform Company, Oklahoma City, Oklahoma, a business entity doing business in the state of Oklahoma.

### JURISDICTION AND VENUE

3. Plaintiff's claims are for racial discrimination and retaliation of complaining of such discrimination, which is prohibited by Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. This Court has jurisdiction over the federal claims under 42 U.S.C. §2000e-5(f)(1) and 28 U.S.C.§1333. The Oklahoma state law claims arose under the OADA, and this Court has jurisdiction over such claims under 28 U.S.C. § 1367.

4. All of the actions complained of occurred in Oklahoma County, Oklahoma, which is located within the Western District of Oklahoma, wherefore venue is proper in this Court under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §1391(b).

### STATEMENT OF FACTS

5. Defendant had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in 2011 and 2012 and is a covered employer under Title

VII. There is no minimum employee requirement to be liable for race discrimination and retaliation under 42 U.S.C. § 1981.

6. On or about October 23, 2012, Plaintiff was hired in the position of Production Worker and throughout the period of her employment was qualified for such position and performed her job in a satisfactory manner.

7. Despite Plaintiff's qualifications and good performance, Plaintiff was involuntarily terminated from her position on March 4, 2013.

8. Plaintiff's position continued to exist after her termination.

9. After Plaintiff's termination, on information and belief, Plaintiff asserts that the position of Production Worker continued to be filled by non-African American persons.

10. Around January 2013, Morena Ortiz, Hispanic, began harassing the Plaintiff and making derogatory statements about her race. Such conduct includes, but is not limited to the following:

   A. calling Plaintiff "Mayate" which is the Spanish slang term for "Nigger".
   B. Taking Plaintiff's water container out of the break room refrigerator and throwing it in the trash.
   C. Throwing Plaintiff's good work gloves away.

11. In January 2013, Plaintiff complained to Velia Ivory, HR, that a Hispanic co-worker had begun calling Plaintiff "Mayate". Although Ms. Ivory claimed that the company had zero tolerance for racial slurs and harassment, she failed to take any corrective action in response to Plaintiff's complaint.

12. Plaintiff also complained to Shaunti Lusk (Production Lead) regarding Ms. Ortiz' discriminatory and harassing comments. Ms. Lusk told Plaintiff it would do no good to report the matter to Danny Morgan, Production Manager, because he would not do anything to offend the Mexican employees.

13. At the time of Plaintiff's complaints, Plaintiff had been advised by Ms. Ivory and Ms. Lusk that Plaintiff's work was more than satisfactory, and that Plaintiff was nominated for employee of the month.

14. To her recollection, Plaintiff had received production bonuses each pay check up to the point of her complaint.

15. After Plaintiff's complaint, Mr. Morgan gave the employee of the month award to a Hispanic employee.

16. Within a very short time (no more than a few weeks) after making her complaint, Plaintiff received her first disciplinary write-up. Plaintiff was written-up for absences that were accepted for non-African-American employees. Plaintiff was also written up for claimed production issues, however the counting of Plaintiff's production was being done in a way which was incorrect, even according to her supervisor, and which understated her work performance. At Plaintiff's termination, Plaintiff was given the assignment of training a new employee which is both inconsistent with the claim that Plaintiff's performance was insufficient and, itself, interfered with Plaintiff's ability to perform her own tasks. These write-ups continued up to Plaintiff's termination on March 4, 2013, even though Plaintiff's performance was at a level, based on information and belief, deemed satisfactory for other employees.

17. The reasons for the termination was pretextual in that Plaintiff's performance had continued at an acceptable level and the real reason was Plaintiff's race and retaliation for Plaintiff's action in complaining of racially harassing conduct.

18. As a direct result of Defendant's actions, Plaintiff has suffered, and continues to suffer, lost wages and emotional distress/dignitary harm symptoms for which she is entitled to compensation under Title VII and 42 U.S.C. § 1981 as well as the Oklahoma Anti-Discrimination Act (OADA).

19. Because Defendant's actions were willful, and in either malicious or reckless

disregard of Plaintiff's rights, Plaintiff is entitled to an award of punitive damages from the Defendant pursuant to 42 U.S.C. §1981a and Sec. 1981. Plaintiff is entitled to an award of liquidated damages under the OADA provisions.

20. Plaintiff has exhausted her administrative remedies by timely filing a charge of discrimination which was filed on or about May 17, 2013, which is within one hundred and eighty (180) days of Plaintiff's wrongful termination. The EEOC issued Plaintiff her right to sue letter for this charge on December 3, 2013 and Plaintiff received such letter thereafter. This complaint is filed within ninety (90) days of Plaintiff's receipt of her right to sue letter. By these means, Plaintiff has exhausted all requirements for filing suit under both state and federal law.

**WHEREFORE,** Plaintiff prays that she be granted judgment in her favor and against the Defendant on all of her claims, and that this Court grant the Plaintiff all available compensatory damages, punitive damages, pre- and post-judgment interest, costs, attorney's fees, and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS 3rd DAY OF MARCH, 2014.**

s/Christine E. Coleman
Mark Hammons, OBA # 3784
Christine E. Coleman, OBA # 30527
HAMMONS, GOWENS, HURST & ASSOC
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
E-mail: mark@hammonslaw.com
christine@hammonslaw.com
*Counsel for Plaintiff*

JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED